UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN CORRIGAN,

            Petitioner,                          **ORDER**

     -vs-                                     No. 01-CV-6148

JAMES BARBERY,

            Respondent.
_____

      Before the Court is petitioner Kevin Corrigan's motion for a certificate of appealability from the denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket #12. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The Second Circuit has held that the substantive standard for a certificate of appealability is the same as the earlier standard for the certificate of probable cause. *Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See United States v. Lozada*, 107 F.3d 1011, 1013 (2d Cir. 1997). To show entitlement to a certificate of appealability, the petitioner need not show that he should prevail on the merits; instead, he need only demonstrate: (1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate as to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983); *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (stating that the present standard under the present § 2253 is

a codification of the certificate of probable cause standard announced in *Barefoot v. Estelle*).

The Court denied petitioner's petition on the basis that it was untimely pursuant to 28 U.S.C. § 2244(d)(1). The Second Circuit has held that petitioners like Corrigan, whose habeas claims accrued prior to AEDPA's enactment, are afforded the "reasonable time" of "one year after the effective date of AEDPA" to file a federal habeas petition.[1] *Artuz*, 199 F.3d 116, 118 (2d Cir. 1999), *aff'd,* 531 U.S. 4 (2000) (citing *Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998)). That one-year grace period expired on April 24, 1997, over three years before Corrigan filed his petition on March 13, 2001. Corrigan had filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 on January 31, 1997, which was denied on May 8, 1997. He also filed an application for a writ of error *coram nobis* on October 3, 1997, which was denied on November 19, 1997. While these motions were pending, the one-year statute of limitations was tolled. *See* 28 U.S.C. § 2244(d)(2); *Bennett*, 199 F.3d at 119. As of November 19, 1997, however, the statute began running again. At that point, Corrigan only had 20 days remaining on the one-year statute of limitations. To keep tolling the period, Corrigan had to file another state court collateral motion *before* December 9, 1997 (20 days after November 19, 1997). However, he did not file his second C.P.L. § 440.10 motion until June 13, 2000.

Corrigan now contends that this Court "overlooked that the N.Y.S. Criminal Procedure Law 440.10(1)(h) stated that at ANY time after the entry of judgment the court on which entered

---

[1] The Second Circuit has held that AEDPA's one-year limitations period is not a *per se* violation of the Suspension Clause. *Rodriguez v. Artuz*, 161 F.3d 763, 764 (2d Cir. 1998) (*per curiam*), *aff'g on opinion below* 990 F. Supp. 275 (S.D.N.Y. 1998). In *Rodriguez*, the Second Circuit adopted the district court's reasoning that because AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention," and therefore does not *per se* constitute an unconstitutional suspension of the writ of habeas corpus. 990 F. Supp. at 280-82 (citing *Swain v. Pressley*, 430 U.S. 372 (1977)).

his judgment [*sic*], may vacate such judgment if it was obtained in violation of a right of that defendant under the Constitution of the United States." Docket #12. Petitioner reasons that if he "followed New York Criminal Procedure law . . . in filing his second 440.10 motion on June 13, 2000, his tolling time should be computed from then, not 1997[.]" *Id.* The Court does not dispute that a defendant may file a motion to vacate pursuant to C.P.L. § 440.10 any time after the entry of judgment against him. However, AEDPA imposes a timeliness requirement on habeas petitions. Here, Corrigan did not file his second C.P.L. § 440.10 motion until *after* the time for filing his habeas petition had expired. Therefore, no further tolling is available based on the June 13, 2000 C.P.L. § 440.10 motion because the limitations period had already run out by the time that motion was filed. As the Court observed in its previous order, the statute of limitations does not begin anew each time a petitioner files another application for collateral relief in state court. *See* 28 U.S.C. § 2244(d)(1), (2).

The Court regrets to say that, in its opinion, the issues relevant to the determination of whether Corrigan's petition is timely are not debatable among jurists of reason, nor does the Court believe that a court could resolve the issues in a different manner. Finally, the question regarding tolling presented by Corrigan's application for a certificate of appealability is not adequate so as to deserve encouragement to proceed further. Therefore, the Court declines to grant a certificate of appealability on the question of whether Corrigan's petition is timely.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:  April 11, 2006
        Rochester, New York.